SMALLEY *v.* PEGG.

Opinion delivered February 8, 1932.

*Daily & Woods,* for appellant.

*Partain & Agee,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellants in the chancery court of Crawford County to enjoin them from taking an additional strip of land, twenty feet wide by four hundred feet long, belonging to her for the purpose of widening a portion of State Highway No. 71 in said county, commonly known as the Mountainburg-Winslow road, under the provisions of § 5249 of Crawford & Moses' Digest. The injunction was sought upon the ground that, in a condemnation proceeding under the provisions of said section of Crawford & Moses' Digest, initiated on petition of the State Highway Commission on the 8th day of May, 1928, against appellee and others, an agreement was entered into between said Highway Commission and appellee to the effect that, in consideration of $300 paid to her, the Highway Commission would appropriate for use in the construction of the road certain lands belonging to her, accurately designated on the drawing or plat, and no more, and that this agreement was incorporated in a judgment entered by the county court of Crawford County awarding damages in the sum of $300 to appellee for said land, which was paid to her by the county.

Appellant filed an answer, denying that the settlement in the original condemnation proceeding and the order entered by the county court of Crawford County incorporating same provided that no more of appellee's

land should thereafter be condemned and appropriated for the purpose of widening said highway, but, on the contrary, that the settlement and order simply fixed the amount to be paid for the land particularly described therein and the injury resulting to the entire tract owned by her by reason of taking same.

The cause was submitted upon the pleadings and testimony adduced, from which the court found that the settlement between the parties and order entered by the Crawford County court in conformity therewith constituted an agreement by which no more land of appellee should ever be condemned for widening said highway, and thereupon permanently enjoined appellants from going upon, taking, injuring, or damaging any land or property of appellee save and except the land described in the county court order of March 3, 1930, from which is this appeal.

The language relied upon by appellee as constituting an agreement never to condemn any more of her land for the purpose of widening said highway is contained in a letter written by her attorneys to appellants' attorneys and their reply thereto in negotiating the settlement in the original condemnation proceeding, together with language used in the order entered by the county court of date March 3, 1930, pursuant to said agreement or settlement. The material portions of the letter written by appellee's attorneys to appellants' attorneys are as follows:

"In regard to settlement of claim of Mrs. Pegg v. Crawford County: We have taken your proposition of settlement for the sum of $300 up with Mrs. Pegg, and have finally received her permission to make settlement for that amount with the following conditions understood:

"1. That the route is to go as shown by the drawing submitted to us, and no more land is to be taken than that shown, and at the points shown."

The material portion of the letter in response thereto is as follows:

"Mr. W. T. Barry, district highway engineer, has written Judge Smalley a letter advising him that the route is exactly as set forth in section one of your letter, and that no land will be taken except as shown on the drawing heretofore submitted to you."

The material language used in the order of the county court is as follows:

"No additional land shall be taken except as shown in green and yellow on said plat, as above set forth, and the proposed or new right-of-way lines for said road shall be as shown on said plat.

"The plaintiff, Mary B. Pegg, is to have and receive the sum of $300 as her damages for such land so taken, and the damage to the balance of her land by reason of such taking, it being expressly agreed and understood that no more land is to be taken than that shown in green and yellow on said plat, and that same is to be taken at the places shown on said plat."

The language used in the letters and in the order as quoted above referred to the land that was then being paid for and which had been previously condemned, and had no relation whatever to lands which might be condemned for highway purposes in future condemnation proceedings. We are unable to discern anything in the language indicating that the State of Arkansas had surrendered its sovereign power to ever thereafter condemn any more of appellee's land if needed for the construction of highways.

The decree is therefore reversed, and the cause is dismissed.